IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WARREN PIERRE CANADY, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 14-1124 |
| | § | |
| LORIE DAVIS, | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Warren Pierre Canady filed a petition for a writ of habeas corpus, challenging the results of a prison disciplinary hearing. On May 15, 2017, respondent filed a motion to dismiss this case as moot. The motion states that the prison disciplinary case giving rise to Canady's petition has been overturned and Canady's forfeited good time credit has been restored. On May 18, 2017, this court ordered Mr. Canady to show cause why the case should not be dismissed as moot.

On May 30, 2017, Mr. Canady filed his response to the motion to dismiss. His response acknowledges that his disciplinary case has been overturned and that his forfeited good time credits have been restored. He argues, however, that he has had personal property taken from him, and he seeks the return of that property and money damages. These claims cannot be raised in a habeas corpus petition.

The federal habeas corpus statute allows this court to

> entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*

28 U.S.C. § 2254(a) (emphasis added). In the context of a prison disciplinary hearing, habeas corpus is the appropriate remedy if the petition challenges the fact or duration of the petitioner's

confinement. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 485, 500 (1973).

With regard to the loss of property, Mr. Canady does not challenge the fact or duration of his confinement. The loss of property affects the conditions, but not the duration, of Mr. Canady's confinement.

> Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994). A habeas petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany,* 875 F.2d 436, 439 (5th Cir.1989).

*Carson v. Johnson,* 112 F.3d 818, 820 (5th Cir. 1997). Therefore, a lawsuit under 42 U.S.C. § 1983 is the proper method for Mr. Canady to seek compensation for his lost property.

"If a dispute has been resolved or if it has evanesced because of changed circumstances . . . it is considered moot." *American Med. Ass'n v. Bowen,* 857 F.2d 267, 270 (5th Cir. 1988). The altered resolution of the disciplinary hearing and restoration of Mr. Canady's good time credit resolves this dispute, and it is now moot. The respondent's motion to dismiss (Docket Entry No. 44) is **granted**. All other pending motions are **denied as moot.**

SIGNED this 30th day of May, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge